IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey J. GRADY, Attorney at Law.

Supreme Court

*No. 92-0497-D. Filed December 16, 1992.*

(Also reported in 493 N.W.2d 66.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the recommendation of the referee that Attorney Jeffrey J. Grady be publicly reprimanded for professional misconduct consisting of his failure to act with reasonable diligence and promptness in representing a client and his failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation into that conduct.

We determine that the recommended public reprimand is appropriate discipline to impose for Attorney Grady's professional misconduct. While his failure to pursue his clients' legal action promptly and diligently

constituted a breach of his fundamental professional obligation to those clients, the record discloses that Attorney Grady subsequently reached a settlement with his clients in the matter and they continue to retain him for legal services. Further, he ultimately provided the Board with a full response to its inquiry, although not without repeated requests from the Board.

Attorney Grady was admitted to practice law in Wisconsin in 1979 and practices in Madison. He has not previously been the subject of an attorney disciplinary proceeding. In lieu of an answer, Attorney Grady entered into a stipulation with the Board, according to which the referee, Attorney Charles Van Sickle, made the following findings of fact.

In March, 1987, Attorney Grady commenced a civil action in circuit court on behalf of a man and his two daughters against a health care clinic for alleged medical malpractice and invasion of privacy, based on the clinic's disclosure to the daughters, who were treated there, that their father was an alcoholic. When the defendants moved to dismiss the complaint for failure to state a claim for relief, Attorney Grady obtained a stay of proceedings and permission to amend the complaint.

In its preliminary scheduling order, the court required that additional parties be joined within 60 days and that written interrogatories be served at least 40 days prior to the pretrial conference scheduled for January 13, 1988. Attorney Grady failed to file a pretrial conference statement before that conference. Following the conference, the court issued an order setting a jury trial for June 6, 1988 and granted Attorney Grady's motion to amend the complaint and extended the time for amending the complaint and serving additional parties to January 29, 1988. Attorney Grady filed the

amended complaint on February 19, 1988, adding four individuals as defendants.

The defendants again moved to dismiss the complaint for failure to state a claim and on May 23, 1988, the court dismissed all but two claims against the clinic. Three weeks later the court dismissed all but two claims against one of the individual defendants and required the plaintiffs to file a second amended complaint no later than July 1, 1988 pleading more specifically their claims against the individual defendants. Attorney Grady never served or filed an amended complaint as required by the court's order, despite several letters from the attorney for one of the individual defendants asking him to do so. Attorney Grady also did not respond to that defendant's first request for production of documents.

In October, 1988, one of the defendants moved to dismiss the action for failure to prosecute and filed a motion for summary judgment. At about the same time, the circuit court, on its own motion, sought to dismiss the action for failure to prosecute. Attorney Grady did not respond to any of the motions but did appear at the hearing on them, at which time he gave the court and opposing counsel a copy of a letter he had written to the Board of Attorneys Professional Responsibility that day reporting his possible misconduct in this matter. Following the hearing, the court dismissed the action for the plaintiffs' failure to amend the complaint as ordered and for failure to prosecute the action.

In February, 1989, Attorney Grady appealed the dismissal of his clients' action, asserting that the trial court had abused its discretion by dismissing the action when it did not find that the plaintiffs had acted egregiously or in bad faith. He further asserted that the trial court improperly imputed his own omissions to the plaintiffs.

The Court of Appeals and, on review, this court affirmed the dismissal.

When the Board undertook an investigation of his conduct in this matter, Attorney Grady did not respond to two letters of inquiry and also failed to respond after the Board granted him an extension of time to reply. Thereafter, he sent the Board a brief letter containing limited information but did not send a complete reply until one month later and after receiving an additional letter from the Board. Attorney Grady also did not respond to the Board's requests for additional information until it had sent three letters.

On the basis of these facts, the referee first concluded that Attorney Grady violated SCR 20:1.1: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." That conclusion, however, is contradicted by a subsequent statement in the referee's report, "In any event, I do not believe the circumstances justify the conclusion that Respondent's conduct constituted a violation of SCR 20:1.1 (1987)." Taken as a whole, the referee's report suggests that the initial conclusion that there was a violation of SCR 20:1.1 was a misstatement.

The referee further concluded that Attorney Grady failed to act with reasonable diligence and promptness in representing these clients, in violation of SCR 20:1.3,[1] and neglected their legal matter, in violation of former SCR 20.32(3).[2] In addition, the referee concluded, Attor-

---

[1] SCR 20:1.3 provides:

**Diligence**
    A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] Former SCR 20.32 provided:

ney Grady violated SCR 22.07(2)[3] by failing to timely provide information requested by the Board in its investigation. As discipline for that misconduct, the referee recommended that Attorney Grady be publicly reprimanded. He also recommended that the court require Attorney Grady to pay the costs of this proceeding.

We adopt the referee's findings of fact and, with the exception noted above, his conclusions of law in respect to Attorney Grady's violation of the Rules of Professional Conduct for Attorneys. As discipline for those violations, we accept the referee's recommendation and impose a public reprimand on Attorney Grady for his professional misconduct.

IT IS ORDERED that Attorney Jeffrey J. Grady is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey J. Grady pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that

---

**Failing to act competently.** A lawyer may not:

. . .

   (3)   Neglect a legal matter entrusted to the lawyer.

[3] SCR 22.07 provides:

**Investigation.**

. . .

   (2)   During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

time, the license of Jeffrey J. Grady to practice law in Wisconsin shall be suspended until further order of the court.