IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Jeffrey J. GRADY, Attorney at Law.

Supreme Court

*No. 96–0514–D. Filed June 21, 1996.*

(Also reported in 549 N.W.2d 242.)

PER CURIAM. We review the recommendation
of the referee that the license of Jeffrey J. Grady to
practice law in Wisconsin be suspended for six months
as discipline for professional misconduct. Attorney
Grady failed to provide competent and diligent repre-

sentation to a client in a worker's compensation matter, failed to respond timely to the client's request for information concerning the status of that matter and misrepresented its status to the client, failed to inform the client that he had left employment at the law firm where the client expected to contact him, and failed to transfer the client's file to successor counsel as requested. In an unrelated matter, Attorney Grady failed to inform a client that his license had been suspended by the court.

We determine that the seriousness of that misconduct, in light of prior discipline imposed on him, warrants the suspension of Attorney Grady's license to practice law for six months. He has repeatedly demonstrated a propensity to neglect the legal matters for which he had been retained and to fail to diligently pursue the interests of his clients in those matters.

Attorney Grady was admitted to practice law in Wisconsin in 1979 and practiced in Madison. In 1992 the court publicly reprimanded him for failing to act with reasonable diligence and promptness in prosecuting an action he had brought on behalf of several clients, which resulted in its dismissal on the merits, and for failing to respond to repeated requests from the Board of Attorneys Professional Responsibility (Board) for information in its investigation of the matter. *In re Disciplinary Proceedings Against Grady*, 172 Wis. 2d 185, 493 N.W.2d 66 (1992). In 1994, the court suspended his license for 60 days for failing to exercise reasonable diligence and promptness in representing clients, entering into a prohibited business transaction with a client, and failing to hold in a trust account a client's share of estate distributions. *In re Disciplinary Proceedings Against Grady*, 188 Wis. 2d 98, 523 N.W.2d 564. Because he did not pay the costs of that

proceeding as ordered and file the affidavit of compliance required for reinstatement, his license remains suspended.

In November, 1994, the Board publicly reprimanded Attorney Grady, with his consent, for failing to appear at a show cause hearing regarding his delay in a probate matter, failing to record deeds executed by the personal representative for more than 15 months and failing to file the estate inventory and prepare and file other documents necessary to close the estate timely. That misconduct had not been brought to the Board's attention while the 1994 disciplinary proceeding was pending.

Attorney Grady elected not to file an answer to the Board's complaint in this proceeding and the referee, Attorney John Schweitzer, made findings of fact based on that complaint. The first matter concerned Attorney Grady's conduct in representing a client who had retained him in August, 1987 to pursue a worker's compensation claim. In the course of that representation, Attorney Grady assured the school where the client was pursuing a retraining program that full payment of the cost of that training would be made prior to the client's completion of the program, and he assured the client's health care providers who had provided treatment of the client's injury that they would be paid out of the anticipated worker's compensation settlement. However, when the client was prepared to graduate from the retraining program in February, 1991, full payment had not been made and his final grades were withheld. Moreover, in April, 1991, the client began receiving collection notices from the health care providers who had not been paid.

When the client met with Attorney Grady in the spring of 1991 concerning these matters, Attorney

Grady assured him that he would take care of the collection notices. He also had the client sign an application for a hearing on the client's claim, which Attorney Grady said he would file. In August, 1991, the client began receiving summonses and complaints in civil actions filed by nine health care providers seeking compensation for the care they had provided him. The client turned those matters over to Attorney Grady, who told him he would notify the courts in which they had been filed that they were awaiting a hearing date on the client's claim. Attorney Grady did not defend those actions on the client's behalf and judgments were obtained against the client. Beginning in April, 1992, the client's wages were garnished as a result of those judgments.

The client again met with Attorney Grady in May, 1992, and Attorney Grady had him sign another application for a hearing date because the prior application had become stale. The following July, Attorney Grady had the client sign yet another application for a hearing because the most recent application had been misplaced.

In the fall of 1992, while his pay checks continued to be garnished, the client tried unsuccessfully to contact Attorney Grady to learn the status of his claim. Attorney Grady did not return those calls until April, 1993, when he told the client that everything was "under control" and that he expected to obtain a hearing date soon. In December, 1993, after leaving several messages at the law firm where Attorney Grady had been practicing, the client learned from the firm that he no longer worked there and the firm did not know where to reach him.

In March, 1994, the client obtained other counsel to represent him on the worker's compensation claim,

which Attorney Grady had never filed. The following May, the client filed bankruptcy and his debts were discharged. In January, 1995, after learning that Attorney Grady had never turned over his case file to his new counsel, the client left several messages with Attorney Grady's answering service and when he eventually reached him, was told that Attorney Grady would forward the file the following week. However, Attorney Grady did not do so until the following May.

The referee also found that, in an unrelated matter, Attorney Grady never informed a client he was representing until at least July, 1995 that his license to practice law had been suspended by the court, effective January 16, 1995, as discipline for professional misconduct.

On the basis of those facts, the referee concluded as follows. By failing to file an application for a hearing on the client's compensation claim or otherwise act in the matter and by agreeing to act on the client's behalf in defending the collection efforts of the client's health care providers, Attorney Grady failed to provide the client competent representation, in violation of SCR 20:1.1,[1] and did not act with reasonable diligence and promptness in representing the client, in violation of SCR 20:1.3.[2] His failure to respond promptly to the

---

[1] SCR 20:1.1 provides:

**Competence**
A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.

[2] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

client's telephone calls and requests for information concerning the status of his legal matter, providing inaccurate information that everything was under control and that he expected to obtain a hearing date soon, and failing to tell the client he had left employment with the firm where the client had been trying to reach him violated SCR 20:1.4(a).[3] Attorney Grady's failure to forward the client's file to successor counsel promptly at the client's request violated SCR 20:1.16(d).[4] Finally, his failure to inform at least one of his clients of the license suspension imposed by this court in a prior proceeding violated SCR 22.26(1)(a).[5]

---

[3] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[4] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d) · Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.26 provides, in pertinent part:

**Activities on revocation or suspension of license.**
(1)(a) A disbarred or suspended attorney on or before the effective date of disbarment or suspension shall:
1. Notify, by certified mail, all clients being represented in pending matters of the disbarment or suspension and consequent inability to act as an attorney after the effective date of the disbarment or suspension.
2. Advise the clients to seek legal advice of the client's own choice elsewhere.

As discipline for that misconduct, the referee recommended that the court suspend Attorney Grady's license to practice law for six months. The referee determined that in order to protect the public from Attorney Grady in the event he ever should seek to practice law again, a six-month license suspension is required, as it will require Attorney Grady to establish in a reinstatement proceeding that he is again fit to be licensed to practice law. The referee also recommended that Attorney Grady be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that a six-month license suspension is appropriate discipline to impose for Attorney Grady's professional misconduct established in this proceeding.

IT IS ORDERED that the license of Attorney Jeffrey J. Grady to practice law in Wisconsin is suspended for a period of six months, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Jeffrey J. Grady pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Jeffrey J. Grady to practice law in Wisconsin shall remain suspended until further order of the court.

IT IS FURTHER ORDERED that Jeffrey J. Grady comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.